ALEXANDER KANE v. TRUSTEES OF THE FILLMORE AVENUE BAPTIST CHURCH OF PLAINFIELD.

Argued February 23, 1905—Decided June 12, 1905.

1. In an action of ejectment against a corporation, the declaration may be annexed to the summons and served therewith. When it is so served, with a proper notice to plead endorsed thereon, the plaintiff is entitled to judgment at the expiration of twenty days after service.
2. This rule applies to a case where it is necessary to obtain a judge's order directing the manner of service.

On rule to show cause why a judgment by default in ejectment should not be set aside.

Before Justices DIXON, GARRISON and SWAYZE.

For the rule, *Winfield S. Angleman.*

For the plaintiff, *Codington & Swackhamer.*

The opinion of the court was delivered by

SWAYZE, J. The summons in this case was tested October 12th, 1904, and served, pursuant to a special order of Justice Fort, on October 18th. The declaration was annexed to the summons; endorsed on the summons and declaration was the usual notice to plead within twenty days after service. The summons was returnable November 3d; judgment was entered November 12th; a plea was filed November 23d.

The question to be decided is whether the plaintiff was entitled to judgment at the expiration of twenty days from the service of the declaration or not until the expiration of twenty days from the return day of the summons.

The act concerning the action of ejectment (*Gen. Stat., p.* 1283, § 9) enacts that "the pleadings shall be filed within the times limited for filing the same in personal actions; and the practice and proceedings shall be in all respects in conformity with the practice in personal actions, so far as the same may be applicable, unless otherwise specially provided."

The practice in personal actions is determined by sections 52 and 95 of the Practice act. *Pamph. L.* 1903, *pp.* 549, 564. Section 52 enacts that the first process shall be a summons and prescribes the time of service. Section 95 enacts that the plaintiff may annex his declaration to the summons; that in such case the officer, when he serves the process, shall at the same time serve a copy of the declaration; that the defendant shall file his plea or demurrer within twenty days after service of the declaration.

The express language of section 9 of the Ejectment act makes the time for filing pleadings in ejectment the same as

in "personal" actions, and it is obvious that by personal actions are meant such as are not called "real or mixed actions." The words are not used to distinguish actions against natural persons from actions against artificial persons, as counsel for the defendant seems to argue.

Nor do we think there is any force in the suggestion that the summons in this case was served in a special manner by virtue of a judge's order, under section 6 of the Ejectment act. It seems to have been served legally, and the fact that the judge's order did not direct the manner in which the declaration should be served does not deprive the plaintiff of the right given by section 95 of the Practice act to annex the declaration to the summons and have it served therewith; nor does it change the effect of such service in shortening the defendant's time to plead.

The judgment seems to have been regularly entered, and the rule to show cause is discharged, with costs.